■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORMAN BROOKS, Appellant, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents. [744 NYS2d 728] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered October 17, 2001 in Clinton County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

While on parole, petitioner was found to be in possession of an altered razor attached to a toothbrush and charged with,

inter alia, violating condition nine of his release which prohibited him from possessing deadly weapons or various dangerous instruments (*see*, 9 NYCRR 8003.2 [i]). At the subsequent parole revocation hearing, he pleaded guilty to possessing a dangerous instrument and his parole was revoked. Thereafter, he filed the instant petition for a writ of habeas corpus which was denied by Supreme Court.

On appeal, petitioner asserts that because Penal Law § 10.00 (13) defines a "dangerous instrument" as an instrument which "is used, attempted to be used or threatened to be used" to cause serious injury or death, and he was not using or attempting to use the altered razor blade at the time it was recovered, he did not violate condition nine. We find this argument to be without merit since condition nine does not incorporate the definition of dangerous instrument from the Penal Law and, furthermore, it specifically proscribes possession of a "dangerous * * * razor." Petitioner admitted possessing a toothbrush with a razor, a jailhouse type instrument which we find could only be characterized as a dangerous razor. Accordingly, Supreme Court properly denied the application.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.